UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IRA LEE BROWN,              )
                                     )
              Plaintiff,     )
                                     )
             v.          )     No. 1:24-cv-00071-JPH-MG
                                     )
CENTURION HEALTH LLC., et al.,  )
                                     )
              Defendants.  )

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER
PROCEEDINGS**

Plaintiff Ira Lee Brown is a prisoner currently incarcerated at Pendleton Correctional Facility ("PCF"). He filed this civil action alleging that various defendants were deliberately indifferent to a serious medical need. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names as defendants: (1) Centurion Health LLC; (2) PCF Director of Nursing Johnna Fritch; (3) Nurse Jess Kimble; (4) Nurse Jennifer Grace; (5) Nurse Heart; (6) Sergeant E. Konkle; and (7) Officer M. Kiersznowski.

Plaintiff alleges that he has a standing urgent care order from a physician with respect to his chronic chest pain. On May 12, 2023, he reported having chest pain and dizziness to Sergeant Konkle, Officer Kiersznowski, and Nurses Kimble, Grace, and Heart, and requested to be taken to medical to be evaluated in accordance with his urgent care order. No one took Plaintiff to medical to be evaluated because Nurse Fritch had directed others to ignore Plaintiff's complaints, accusing him of wanting to go to medical just to flirt with nurses. Plaintiff ended up passing out and causing injuries to himself when he fell.

Plaintiff is requesting damages, to be protected from "retaliation," dkt. 2 at 4, and for PCF medical staff to be trained related to complaints of chest pain.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

2

This action is brought pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 141 S. Ct. 989, 994 (2020). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this case, it is the Eighth Amendment. The Eighth Amendment requires prison officials to provide humane conditions of confinement including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). An official violates the Eighth Amendment if he exhibits "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Balle v. Kennedy*, 73 F.4th 545, 552 (7th Cir. 2023) (quoting *Farmer,* 511 U.S. at 828).

### A. Claims that Are Dismissed

Claims against Sgt. Konkle and Officer Kiersznowski are dismissed because the factual allegations do not suggest that they were deliberately indifferent to Plaintiff's serious medical need. "Non-medical defendants . . . can rely on the expertise of medical personnel." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). The Seventh Circuit has made clear that, "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* Under this standard, Plaintiff's complaint fails to state a claim against either Sgt. Konkle or Officer Kiersznowski. All that they are alleged to have done is follow the advice of a nurse or nurses in not taking Plaintiff to medical for an exam. The officers did not ignore Plaintiff's complaints but channeled those complaints to the

medical professionals who could evaluate Plaintiff's symptoms and provide care. Dkt. 2 at 3. Nurses personally interacted with Plaintiff prior to the time he fell unconscious and there are no allegations upon which to infer that the nonmedical defendants were "trained to assess whether an inmate is genuinely experiencing" a medical need that required immediate intervention or whether nursing staff had "made an inappropriate diagnosis." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012); *see also Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) (noting that "[t]o state a cognizable claim because of inadequate medical care, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). All claims against Sgt. Konkle and Officer Kiersznowski are **dismissed**.

Plaintiff likewise has failed to state a claim against Centurion. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

"Liability under this standard is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (cleaned up). Liability may attach in two circumstances: First, "if an express municipal policy or affirmative municipal action is itself unconstitutional, . . . a plaintiff has a straightforward path to holding the municipality accountable . . . [and] a single instance of a constitutional violation caused by the policy suffices to establish municipal liability." *Id.* (cleaned up). Second, a plaintiff may show "gaps in express policies or . . . widespread practices that are not tethered to a particular written policy—situations in which a municipality has knowingly acquiesced in an unconstitutional result of what its express policies have left unsaid." *Id.* (cleaned up). Under this theory, a plaintiff "must typically point to evidence of a prior pattern of similar constitutional violations" to "ensure that there is a true municipal policy at issue, not a random event." *Id.* (cleaned up).

Here, Plaintiff has not alleged the existence of a relevant Centurion policy, and has only pointed to a one-time event in which he did not receive prompt attention to a complaint of chest pain. And the complaint alleges that this occurred because of a personal decision made by Nurse Fritch, not a Centurion practice or policy or lack thereof. All claims against Centurion are **dismissed**. This would include Plaintiff's request of additional training for PCF nurses regarding chest pain complaints.

Finally, Plaintiff's request that he be protected from "retaliation" is **dismissed**. The complaint states no facts related to any past retaliation or any reasonable basis to infer that it will occur.

### B. Claims that Shall Proceed

Plaintiff's claim for damages against Nurses Fritch, Kimble, Grace, and Heart **shall proceed** as Eighth Amendment claims of deliberate indifference to a serious medical need. The Court notes that although Nurses Kimble, Grace, and Heart allegedly were following a directive of Nurse Fritch in not taking Plaintiff for a medical exam, they are also, unlike Sgt. Konkle and Officer Kiersznowski, trained medical professionals who possibly could have exercised independent medical judgment in this instance. *See, e.g., Kennedy v. City of Cincinnati*, 595 F.3d 327, 337 (6th Cir. 2010), *cert. denied* ("[P]ublic officials have an obligation to follow the Constitution even in the midst of a contrary directive from a superior or in a policy.").

### IV. Conclusion and Service of Process

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 12, 2024,** in which to identify those claims.

The **clerk is directed** to terminate Sgt. Konkle and Officer Kiersznowski as defendants on the docket.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Fritch, Kimble, Grace, and Heart in the manner specified by Rule

4(d). Process shall consist of the complaint filed on January 10, 2024, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the defendants, who appear to be employees of Centurion, electronically. A copy of this Order and the process documents **shall also be served** on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 5/20/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Centurion and employees
        Johnna Fritch
        Jess Kimble
        Jennifer Grace
        Nurse Heart

IRA LEE BROWN
195865
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

7